USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___1/6/2022___

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

AJINOMOTO CO., INC. and
AJINOMOTO HEALTH & NUTRITION
NORTH AMERICA, INC.,

          Plaintiffs,

v.

CJ CHEILJEDANG CORP.;
CJ AMERICA, INC.; and
PT. CHEILJEDANG INDONESIA,

          Defendants.

Case No. 16-cv-3498 (MKV)

JURY TRIAL DEMANDED

## STIPULATED [PROPOSED] PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."),

Plaintiffs Ajinomoto Co., Inc. and Ajinomoto Health & Nutrition North America, Inc.

(collectively, "Ajinomoto" or "Plaintiffs") and Defendants CJ CheilJedang Corp., CJ America,

Inc., and PT. CheilJedang Indonesia (collectively, "CJ" or "Defendants") hereby stipulate and

agree that discovery in the above-captioned action ("this Action") may likely encompass the

parties' trade secrets and other confidential research, development, or commercial information

within the meaning of Fed. R. Civ. P.  26(c), and that the unrestricted disclosure of that

information in this Action may likely harm the parties' legitimate business interests.

Accordingly, good cause exists for entry of this Protective Order ("this Order") pursuant to

Fed. R. Civ. P. 26(c) to protect against improper disclosure or use of confidential information

produced in this Action.  Plaintiffs and Defendants therefore further stipulate and agree, subject

to the Court's approval, that the terms and conditions of this Order will govern the handling of

documents, depositions, pleadings, exhibits, and all other information exchanged by the parties

in this Action, or provided by or obtained from non-parties in this Action, and this Order will apply regardless of whether such information was produced prior to or after entry of this Order. This document also constitutes an Order under Rule 502(d) of the Federal Rules of Evidence, ("Fed. R. Evid.") as set forth below.

## 1. DEFINITIONS

1.1     The term "Party" means any party to this Action and its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates.

1.2     The term "Protected Material" shall mean any document or other tangible thing or any electronically stored information or oral testimony designated pursuant to this Order that contains, reveals, or reflects what a Party or Third Party reasonably considers to be its trade secrets, or other confidential business, proprietary, technical, or commercially sensitive information, information it has maintained in confidence, information that it has an obligation to a Third Party to keep confidential, or other information required to be kept confidential by law, such as by federal, state, or local privacy laws, or foreign privacy and data protection laws, including without limitation: research, development, manufacturing and commercial information; regulatory submissions, correspondence, and communications; patent applications and prosecution related thereto; financial, budgeting and/or accounting information; information about existing and potential customers; marketing and other business strategies, decisions, or negotiations; personnel compensation, evaluations, other employment information, and any information of a personal or intimate nature regarding any individual; and settlement agreements and communications.  For purposes of this Order, Protected Material will not include information or material that (a) was, is, or becomes public knowledge in a manner other than by violation of this Order; (b) is acquired from an entity having the right to

disclose such information or material; (c) was lawfully obtained other than through discovery; or (d) was developed independently of the documents or information produced under this Order.

1.3     The term "Producing Party" means the Party or Third Party that discloses or produces Protected Material under this Order.

1.4     The term "Receiving Party" means the Party that receives the Protected Material of a Producing Party.

1.5     The term "Third Party" means any person or entity who is not a Party to this Action.

## 2.     DESIGNATION OF PROTECTED MATERIAL

2.1     This Order will govern all Protected Material obtained by the Parties from one another, and from Third Parties, all information copied or derived therefrom, as well as all copies, excerpts, summaries or compilations thereof, including documents produced pursuant to requests authorized by the Federal Rules of Civil Procedure, answers to interrogatories, deposition transcripts, responses to requests for admission, affidavits, declarations, expert reports, and other such material and information as may be produced or furnished, directly or indirectly, by or on behalf of any Party or Third Party to this Action.

2.2     In connection with discovery proceedings in this Action, any Party or Third Party may designate any Protected Material as such.  Each Party shall act reasonably and in good faith in designating information as Protected Material.

2.3     Any documents or things produced pursuant to a discovery request or other written materials exchanged by the Parties (including but not limited to discovery responses, letters, correspondence, exhibits, pleadings, documents, transcripts of testimony taken outside

of this Action, declarations or affidavits) that a Party or a Third Party desires to designate as Protected Material will be so designated by marking each page of the document, paper or thing "CONFIDENTIAL MATERIAL - SUBJECT TO PROTECTIVE ORDER," and indicating the identity of the Producing Party (*e.g.*, through the use of an identifying prefix to the document identification (Bates) number) before production or service.  If the item is a tangible object, the tangible object may be designated Protected Material by affixing to the object or its container a label or tag containing the designation "CONFIDENTIAL MATERIAL - SUBJECT TO PROTECTIVE ORDER."  Pursuant to the Parties Letter Agreement dated November 29, 2021, material designated by a Party or Third Party Wacker Chemie AG ("Wacker") as "CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER" pursuant to the protective order in *In the Matter of Certain L-Tryptophan, L-Tryptophan Prod., & Their Methods of Prod.*, Inv. No. 337-TA-1005 (the "ITC Action") will be considered to be "CONFIDENTIAL MATERIAL - SUBJECT TO PROTECTIVE ORDER" without need for re-designation.

2.4     In the event a Party may make available certain of its files for inspection by another Party, which files may contain non-confidential material as well as material that may be subject to protection under this Order, with the intent that following such inspection the inspecting party will designate certain of the inspected documents to be copied and furnished to it, such files need not be marked with a confidentiality designation in advance, but will be treated as Protected Material.  Only those persons identified in Paragraph 3.2 below are permitted to view Protected Materials made available at any such inspection.  When the Producing Party copies documents to furnish to the Receiving Party, the Producing Party will mark the Protected Material with the appropriate confidentiality designation to the extent

warranted under Paragraphs 1.2, 2.1, and 2.2, and will only be deemed to be Protected Material if labeled or marked in conformity with Paragraph 2.3.

2.5 Whenever a deposition involves a disclosure of Protected Material, the following procedures will apply:

(a) Any Party or Third Party may designate any portion or all of a deposition (including exhibits) as Protected Material by notifying the other Parties and any Third Parties present or represented at the deposition on the record during the deposition. The Court Reporter will be asked to mark each page of the transcript "CONFIDENTIAL MATERIAL - SUBJECT TO PROTECTIVE ORDER." At that time, all persons not qualified to receive Protected Material will leave the room prior to continuation of the deposition and until the conclusion of such designated testimony.

(b) Any Party or Third Party may also designate any portion or all of a deposition as Protected Material by notifying the other Parties, any Third Parties present or represented at the deposition, and the court reporter separately in writing, within thirty (30) calendar days of receipt of the transcript, of the designation of all or a portion of the deposition as Protected Material. All information disclosed at a deposition and all information contained in deposition transcripts will be treated as Protected Material for a period of thirty (30) calendar days after the receipt of the transcript to permit adequate time for review of the transcript and notice to other counsel regarding any designation of Protected Material. Subject to the terms of Paragraphs 7.1 and 7.2, any portion of any deposition or other testimony that is not designated as Protected Material in accordance with this Paragraph within thirty (30) calendar days after receipt of the transcript will not be entitled to the protections afforded under this Order.

3. **ACCESS TO AND USE OF PROTECTED MATERIAL**

3.1      Protected Material and all summaries, compilations, and derivations thereof, whether oral or written, will be maintained in confidence, will be used solely in connection with this Action, and any related appellate proceeding, and not for any other business or regulatory purpose, including without limitation that Protected Material disclosed in this Action shall not be used in: (i) any other action; (ii) the prosecution of any patent or patent application, including reexaminations, reissues, and seeking claim amendments in any post-grant review proceedings (IPRs and PGRs); and (iii) any marketing, financial, pricing, or other business competitive decision-making (not including settlement or other decision-making in the Action). Protected Material may be disclosed only as provided in the following paragraphs.  The attorneys of record for the Parties and other persons receiving information governed by this Order will exercise reasonable care to ensure that the information and documents governed by this Order are used only for the purposes specified herein, and disclosed, distributed or made available only to authorized persons.  Nothing in this Order is intended to limit a Producing Party's use or disclosure of its own Protected Material.

3.2      Except upon written consent of the Producing Party, or upon further order of this Court, information which has been designated as Protected Material may be disclosed only to:

(a)      Outside counsel of record in this Action, including their authorized secretarial, clerical and legal assistant staff;

(b)      Independent consultants or outside experts specifically retained by a Party or its attorneys in connection with this Action, with disclosure only to the extent necessary to perform such work, including (i) technical experts, (ii) damages and industry

experts, and (iii) patent law experts, subject to the provisions of Paragraph 3.4 below, and their employees and clerical staff.  For purposes of this Order, the phrase "independent consultants or outside experts" will not include any officer, director, or employee of any Party;

(c)     Independent testing laboratories, services, or facilities, subject to the provisions of Paragraph 3.4 below, and their employees and clerical staff. For purposes of this Order, the phrase "independent testing laboratories, services, or facilities" will not include any officer, director, or employee of any Party;

(d)     The Court and its personnel, under seal or with other suitable precaution calculated to maintain confidentiality;

(e)     Court reporters, videographers, and their personnel engaged in proceedings incident to preparation for or at depositions or trial;

(f)     Non-party professional litigation support vendors under a duty of confidentiality, who have been specifically retained to assist outside counsel for this Action, including copy services, trial graphics services, translation services, jury or trial consultants, together with their employees engaged in assisting in this Action (including mock jurors); and

(g)     Any witnesses in any deposition or other proceeding of this Action  who (i) are indicated on the face of a document to have been an author, addressee, or copy recipient of the document, or are the original source of the information, and (ii) either (A) at the time of such proceeding, are current employees of the Producing Party, or (B) based on evidence, are reasonably believed to have had access to or knowledge of the Protected Material prior to this Action, absent objection during the deposition or other proceeding which will be expeditiously resolved by the parties.

3.3     Absent consent of the Producing Party or leave of Court, any person having

7

received Protected Material shall not engage, formally or otherwise, in any patent prosecution of patent applications that include claims directed to recombinant bacterium that produce amino acids and methods of using the same, including but not limited to (a) a tryptophan producing strain of *E. coli* or *Corynebacteria*, (b) a process for the preparation of a tryptophan producing strain of *E. coli* or *Corynebacteria*, (c) a method for producing tryptophan using a strain of *E. coli* or *Corynebacteria*, (d) a recombinant *E. coli* bacterium that has the ability to produce and accumulate an aromatic L-amino acid, or (e) a method for producing an aromatic L-amino acid comprising cultivating a recombinant *E. coli* bacterium that has the ability to produce and accumulate an aromatic L-amino acid, other than to submit materials pursuant to 37 CFR 1.56 for the duration of this Action (including any appeals) and for one year after final termination of this Action (including any appeals).  For avoidance of doubt, "patent prosecution" as used herein does not include participation in *inter partes* review proceedings, post grant review proceedings, or any contested proceedings in the U.S. Patent & Trademark Office or any foreign patent office, as long as the individuals with access to Protected Material are not involved in drafting, crafting, or amending claims related to recombinant bacterium that produce amino acids and methods of using the same.

   3.4 Protected Material may be disclosed to recipients identified in Paragraphs 3.2(b) or (c) only upon the following terms:

     (a) Prior to any disclosure, such recipient will be furnished with a copy of this Order and will execute a copy of the Agreement attached as Exhibit A. A copy of the signed Agreement will be maintained by counsel for the Party providing such access.

     (b) For any recipient identified in Paragraphs 3.2(b) or (c), such recipient will be identified in writing to the counsel for the Producing Party by name, together with an

executed copy of Exhibit A, a copy of the individual's *curriculum vitae* (including a listing of publications), if applicable, any previous or current relationship with any Producing Party whose Protected Material will be disclosed, and a list of all cases in which, during the previous four (4) years, the recipient has testified at trial or by deposition.

(c)     Unless another Party or Third Party notifies the proposing Party of any objection within five (5) business days after the notification (by email) referred to in Paragraph 3.4(b), the recipient identified in Paragraphs 3.2(b) or (c) will thereafter be allowed to have access to Protected Material pursuant to the terms and conditions of this Order.  Disclosure of Protected Material to the recipient will not occur before the period for objection has elapsed, absent written consent from the Producing Party. If counsel for the Producing Party does not object to such disclosure within the five-day period, any objection to such disclosure is deemed waived, except as to a basis for objection that was not known and could not reasonably have been discovered within the five-day period.

(d)     In the event of a timely objection, the proposing Party will refrain from disclosure of Protected Material to the recipient identified in Paragraphs 3.2(b) or (c) until the objection has been resolved between the Parties or ruled upon by the Court.  The objection must describe with particularity the basis for the objection. The Parties will endeavor in good faith to resolve the dispute without calling upon the intervention of the Court.

(e)     If the Producing Party timely objects to the recipient identified in Paragraphs 3.2(b) or (c), the Parties will meet and confer within five (5) business days of receipt of such objection to resolve the disagreement.  If the Parties cannot resolve the dispute, or if the conference does not take place, the objecting party may, within five (5) business days after the five-day meet-and-confer period, seek an order from the Court prohibiting the disclosure.

If the objecting party does not seek such relief from the Court within (5) five business days after the five-day meet-and-confer period, the objecting party will be deemed to have abandoned and waived its objection(s) to the disclosure.  If the objecting party files a timely request to prohibit the disclosure, Protected Material will not be disclosed to the recipient until the Court enters an order permitting the disclosure or the Producing Party withdraws its objection.  The burden of demonstrating good cause for denying access to Protected Material will rest with the objecting party.  No Party will use its right to object to a recipient identified in Paragraphs 3.2(b), (c), or (d) to unreasonably interfere with the ability of another Party to prepare its case for trial through the use of such recipient.

3.5     Nothing in this Order will preclude any Party from introducing Protected Material into evidence at any evidentiary hearing or at trial.  However, if a Party intends to introduce or refer to Protected Material at any hearing or trial, the Party wishing to make the disclosure will first notify the Producing Party and provide them with an opportunity to object and/or to ask the Court to take appropriate precautionary procedures (*e.g.*, clearing the Courtroom, sealing the record, etc.).  Nothing in this paragraph prevents a Party who intends to introduce another Party's Protected Material into evidence at a hearing or trial to seek an appropriate precautionary measure from the Court.

3.6     Nothing in this Order will bar or otherwise restrict any attorney from rendering advice to his or her clients with respect to this Action and relying generally upon his examination of Protected Material, provided that in rendering such advice and in otherwise communicating with his or her clients, the attorney will not disclose substantive details regarding the content of such information.

3.7     Entering into, agreeing to, and/or producing or receiving Protected Material, or

otherwise complying with the terms of this Order will not prejudice in any way the rights of any Party to object to the production of documents it considers not subject to discovery.

3.8     All recipients in possession of Protected Material will exercise reasonable and appropriate care with regard to the storage, custody, and use of such information in order to ensure that the provisions of this Order are observed, and the confidential nature of the information is maintained.

3.9     If any Party files with the Court any document that contains information having been designated pursuant to this Order as Protected Material, whether or not such information is so designated on the document to be filed, the Party shall file the document under seal in accordance with the Court's Local Rules, Standing Orders, and CM/ECF procedures.  Such Protected Material will not become part of the public record but will be part of the record considered by the Court on the issue or issues to which it may be relevant.

3.10    A Party may not assign or transfer any of its rights or obligations under the terms of this Order without the prior written consent of the other Party, except in connection with a merger, a reorganized entity, change of control, or sale of all or substantially all of that portion of the business to which this Order relates.

## 4.     CHALLENGES TO CONFIDENTIALITY DESIGNATIONS

4.1     Any Party believing that particular information has been improperly designated as Protected Material (*i.e.*, that it is not in fact Protected Material) may challenge such designation at any time by raising the issue, in writing, to the Producing Party, and specifically identifying, by document identification (Bates) number, by deposition page and line, or by other appropriate specific identifier, the information whose confidentiality status is challenged and the grounds for questioning the designation.  Within ten (10) business days of receipt of

such writing, the Producing Party will either remove the designation, or respond that it has reviewed the matter and continues to maintain the designation in good faith.

4.2    No Party will be precluded from (a) claiming that any matter designated hereunder is not entitled to the protections of this Order, (b) applying to the Court for an order permitting the disclosure or use of information or documents otherwise prohibited by this Order, or (c) applying for a further order modifying this Order in any respect.  No Party will be obligated to challenge the propriety of any designation, and failure to do so will not preclude a subsequent challenge to the propriety of such designation.

4.3    The Parties will endeavor in good faith to resolve any such dispute without calling upon the intervention of the Court.   If, after conferring, the Parties cannot reach agreement concerning the matter within five (5) business days after the Producing Party has confirmed it will maintain the designation, then the party requesting the declassification or removal of particular items may challenge the designation by motion.  The burden will be on the Producing Party to establish, upon a showing of good cause, that the information constitutes Protected Material.  The challenged designation will remain in effect until the Court enters an order removing the designation or the Producing Party withdraws its objection.

4.4    Challenged information will be treated as Protected Material until the resolution of the dispute by the Parties or ruling by the Court.

## 5.    TERMINATION OF ACTION

5.1    The obligations of this Order will survive the termination of this Action and continue to bind the Parties, and the Court will retain jurisdiction to enforce the provisions of this Order.  Within sixty (60) calendar days after termination of this Action by judgment, settlement, or otherwise from which no appeal can be brought, each Party will  either (a)

destroy or (b) return to the Producing Party, all documents containing or disclosing Protected Material of any other Party.  Each Party's outside litigation counsel will have the right to retain archival copies of pleadings; motions, memoranda, documents and papers filed with the Court; deposition transcripts; deposition exhibits, hearing transcripts and exhibits; the trial record; and notes, correspondence (including emails), summaries, or other work product prepared by attorneys, outside experts or consultants, or  independent testing laboratories, services, or facilities, derived from or containing Protected Material.  All recipients of Protected Material will certify in writing within sixty (60) calendar days of the termination of this Action that they have complied with the provisions of this paragraph.

       5.2       Upon the termination of this Action:

       (a)       Any Protected Material produced hereunder that has been submitted for identification or into evidence at any hearing or trial in this Action may be withdrawn by counsel for either the Producing Party or the party which offered such Protected Material into evidence;

       (b)       Each Party, including any Third Party who produced information pursuant to this Order, may request the return of Protected Material from the Court by filing a motion seeking such relief; and

       (c)       Any such Protected Material not returned to counsel will be managed in accordance with the Court's standard policy and practice regarding such materials.

## 6.    THIRD PARTY DISCOVERY

       6.1       In the event that any Third Party will be called upon, by subpoena or otherwise, to provide or produce documents or information considered to be Protected Material by such Third Party, such Third Party may elect to have its information treated in accordance with the

terms of this Order.  Such Third Party may designate documents, information, and testimony as Protected Material in the manner set forth in this Order, and such Third Party's designated information will be protected in the same manner as that of the Parties to this Action.  In the event that a Third Party elects to have its information treated in accordance with the terms of this Order, it will be subject to the same rights and obligations set forth in this Order as applies to the Parties, and agrees to be subject to the Court's jurisdiction for the sole purpose of adjudicating rights or obligations under this Order but only as it applies to such Third Party.

**7.     INADVERTENT DISCLOSURE**

7.1     If a Party inadvertently discloses and/or produces any document or thing containing information that it deems Protected Material without designating it pursuant to this Order, the Producing Party will promptly, upon discovery of such inadvertent disclosure, inform the Receiving Party in writing, forwarding a replacement copy of the inadvertently disclosed material properly marked with the appropriate confidentiality designation.  The Receiving Party will thereafter treat the information as if it had been properly marked from the outset and will make a reasonable effort to retrieve and destroy the unmarked or improperly marked version of the inadvertently disclosed material.  Disclosure by the Receiving Party to unauthorized persons before being notified of the inadvertent disclosure will not constitute a violation of this Order.  Nothing in this Order will preclude the Receiving Party from challenging the confidentiality designation of the late-marked material pursuant to the provisions of Paragraph 4.

7.2     In the event that the Receiving Party reasonably believes documents, electronically stored information or other information subject to the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity, including the

common interest/joint defense privilege ("Privileged Material") has been inadvertently or mistakenly produced, the Receiving Party shall have the obligation to promptly inform the Producing Party and will refrain from reviewing, using, or otherwise considering the Privileged Material.  The Producing Party will then have three (3) business days upon receipt of such notice to confirm and advise the Receiving Party in writing and request that the Privileged Material be returned or destroyed.  The Producing Party will also promptly upon its discovery of such production or disclosure so advise the Receiving Party in writing and request that the Privileged Material be returned or destroyed.   The Receiving Party will return or destroy all copies of the Privileged Material within five (5) business days of receipt of such requests.  Any notes or summaries referring or relating to any of the produced or disclosed Privileged Material will be destroyed.  Upon return or destruction of the inadvertently produced material, the Producing Party will promptly provide a privilege log listing the inadvertently produced material and providing the basis for its claim of privilege.  However, nothing herein restricts the rights of the Receiving Party to challenge the Producing Party's claim of privilege or immunity.

7.3     No Party will be obligated to challenge the propriety of any designation, and failure to challenge a claim of confidentiality or privilege at the time of receipt will not constitute a waiver of the right to challenge a confidentiality or privilege designation at any later time.

7.4     Documents and things produced or made available for inspection may be subject to redaction, by the Producing Party, of information the Producing Party believes in good faith to be Privileged Material.  If a Party produces a redacted document, each page on which information has been redacted shall be marked to indicate the redaction.  The Producing Party

shall preserve an unredacted version of the redacted document.  A Party's inadvertent failure to redact Privileged Material will not operate either as an admission of its relevance or a waiver of the Producing Party's right to seek its return or destruction.  In the event that the Receiving Party reasonably believes Privileged Material has been inadvertently or mistakenly produced, the Receiving Party shall have the obligation to promptly inform the Producing Party and will refrain from reviewing, using, or otherwise considering the Privileged Material.  The Producing Party will then have three (3) business days upon receipt of such notice to confirm and advise the Receiving Party in writing, request that the information be returned or destroyed, and if applicable, provide properly redacted replacement copies.  The Producing Party will also promptly upon its discovery of such production or disclosure so advise the Receiving Party in writing, request that the Privileged Material be returned or destroyed, and if applicable, provide properly redacted replacement copies.  The Receiving Party will return or destroy all copies of the Privileged Material within five (5) business days of receipt of the request.  Any notes or summaries referring or relating to any Privileged Material will be destroyed.  Upon return or destruction of the inadvertently produced material, the Producing Party will promptly provide a privilege log listing the inadvertently produced material and providing the basis for its claim of privilege.  However, nothing herein restricts the rights of the Receiving Party to challenge the Producing Party's claim of privilege or immunity.

7.5     Notwithstanding the provisions of Paragraphs 7.2 and 7.4, if the Receiving Party intends to contest the claim of attorney-client privilege, work product protection, or any other claim of privilege or immunity, the Receiving Party may retain one copy of the inadvertently produced material as well as notes or other work product of the Receiving Party that reflects the contents of said material, for the purpose of filing a motion to contest the designation and

must notify the Producing Party that the one copy, notes, or other work product have been retained for that purpose within five (5) business days of the Producing Party's request that such Privileged Material be returned or destroyed.  Within five (5) business days of receiving said notice, the Producing Party will provide a privilege log listing the inadvertently produced material and providing the basis for its claim of privilege.  The one copy, notes, or other work product retained by the Receiving Party must be sequestered, and may not be used for any purpose except to present the information to the Court for a determination of the claim of privilege.  For purposes of this Order, produced material that has been stored by the Receiving Party on a source of electronically stored information that is not reasonably accessible, such as backup storage media, is sequestered.  If a resolution is not sought from the Court within ten (10) business days of receipt of the privilege log or if the Court rejects the Receiving Party's motion to compel production, the Receiving Party shall return or destroy the one copy, all notes, and all other work product, if any, it retained under this Paragraph 7.5.

    7.6     Should any Protected Material be disclosed by a Receiving Party to any person not authorized to have access to such information under this Order, the Receiving Party shall: (a) use its best efforts to obtain the prompt return of any such Protected Material; (b) promptly inform such person of the provisions of this Order and use best efforts to bind such person to the same by having such person sign the Agreement attached as Exhibit A; and (c) within three (3) business days of the discovery of such disclosure, identify such person to the Producing Party.  If executed, the Agreement shall be served upon counsel of record for the Producing Party within three (3) business days of its receipt by the Receiving Party.  The requirements set forth in this Paragraph shall not prevent the Producing Party from applying to the Court for further or additional relief.

7.7     The Parties shall prepare a log, as described in Local Rule 26.2(a) or other form mutually agreeable by the Parties, for documents withheld from production based on the attorney-client privilege, the work product doctrine, or any other privilege or immunity.  The Parties are not required to log (1) privileged or protected documents or communications dated on or after May 10, 2016 or (2) privileged or protected communications between a Party and that Party's outside counsel for this action or the ITC Action.  Except as specifically required under paragraph 7.2, 7,4, and 7.5, the Parties shall mutually exchange privilege logs on a date or dates to be agreed upon, after the substantial completion of document production.  The Parties agree that the privilege logs served in the ITC Action shall be deemed served in this action and as such the Parties shall not be obligated to include on any additional privilege log the documents deemed produced in this action pursuant to the Parties Letter Agreement dated November 29, 2021.

7.8     The production or disclosure of Privileged Material is not a waiver of the privilege, work product, or other protection or immunity from discovery, either as to the specific information disclosed or as to any other related information, in this Action. This Protective Order also constitutes an order under Fed. R. Evid. 502(d).  As set forth by that Rule, the Court hereby orders that the privilege work product is not waived by a disclosure, whether inadvertent or otherwise, connected with the litigation pending before this Court, in which event the disclosure is also not a waiver in any other federal or state proceeding.  This shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d).

## 8.     DISCOVERABILITY OF EXPERT MATERIALS

8.1     Federal Rule of Civil Procedure 26(b)(4) will govern discovery of communications between counsel and any independent expert or consultant retained or

specially employed by that counsel.  To the extent not protected under Rule 26(b)(4), all communications between counsel and the expert relating to the process of preparing an expert report or developing opinions for trial, including all preliminary or draft reports, expert working papers, notes, and communications relating thereto, will be deemed exempt from discovery to the extent not relied upon by a testifying expert witness and will not be used at trial.

## 9.    MISCELLANEOUS PROVISIONS

9.1    <u>Other Proceedings</u>: By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this Order who becomes subject to a motion to disclose another party's information designated as Protected Material pursuant to this Order will promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

9.2    If Protected Material in the possession of any Receiving Party is subpoenaed by any court, administrative or legislative body, or by any other person purporting to have authority to subpoena such information, or is the subject of any discovery request under Rules 30–36 of the Federal Rules of Civil Procedure or any comparable rule of court or of any adjudicative body (such subpoena or discovery request collectively referred to as a "Third Party Request"), the party to whom the Third Party Request is directed will give prompt written notice (including a copy of the Third Party Request) to the attorneys of record for the Producing Party, no more than five (5) business days after receiving the Third Party Request.  The party receiving the Third Party Request must also promptly inform in writing the party who caused the Third Party Request to issue in the other action that some or all the material covered by the

Third Party Request is subject to this Order.  The party receiving the Third Party Request must deliver a copy of this Order promptly to the party in the other action that caused the Third Party Request to issue.

9.3     A Producing Party will bear the burden of seeking protection in court of its own Protected Material, and nothing in this Order should be construed as authorizing or encouraging a party receiving a Third Party Request in this Action to disobey a lawful directive from another court.  Subject to Paragraph 9.2, disclosure of information in response to a properly issued Third Party Request will not constitute a violation of this Order if: (a) the Producing Party was provided notice and an opportunity to seek an order limiting such disclosure but failed to seek or obtain such an order, or (b) refusal to make such disclosure would be in violation of a court order or otherwise unlawful.

9.4     This Order may be modified by further order of the Court, or by agreement of the Parties or their counsel and approved by the Court, and is without prejudice to the rights of any Party or Third Party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

9.5     Treatment by counsel or the Parties of information designated as Protected Material will not be construed as an admission by any Party that the designated information contains trade secrets or other proprietary or confidential information.  Conversely, failure to so designate will not constitute a waiver of any Party's claims, either within or outside this Action, that any such documents or information do contain trade secrets or other proprietary or confidential information.

9.6     Nothing in this Order will prejudice in any way the rights of any Party to object to the authenticity or admissibility into evidence of any document, testimony, or evidence

subject to this Order.

9.7     This Order will become binding on the Parties upon its execution by the Parties'

undersigned counsel, notwithstanding the date this Order is submitted to the Court or the Court

enters this Order, unless and until the Court enters an order that supersedes this Order.   All

documents produced prior to the date the Court enters this Order will be treated by the Parties

as if this Order had been entered by the Court prior to their production, and will be subject to

the terms of this Order entered by the Court as of the date of entry.

9.8     In the event that a new party is added, substituted, or brought into this

consolidated action, this Order will be binding on and inure to the new party, along with the

corresponding obligations of the new party to maintain the confidentiality of the Protected

Material, subject to the right of the new party to seek relief from or modification of this Order.


IT IS SO ORDERED.

Dated:   _1/6/2022_          

_Mary Kay Vyskocil_
Honorable Mary Kay Vyskocil, U.S.D.J.


**Agreed to:**

Dated: January 5, 2022

s/ William P. Deni, Jr.
William P. Deni, Jr.
J. Brugh Lower
GIBBONS P.C.
One Pennsylvania Plaza, 37th Floor
New York, NY 10119-3701
(212) 613-2000
wdeni@gibbonslaw.com
jlower@gibbonslaw.com

John D. Livingstone
M. David Weingarten, Ph.D.

Dated:  January 5, 2022

/s/ Matthew J. Rizzolo
James F. Haley, Jr.
HALEY GUILIANO LLP
75 Broad Street, Suite 1000
New York, NY 10004
(646) 973-2500
james.haley@hglaw.com

Steven Pepe
Rachael Bacha
Hyun-Joong (Daniel) Kim
ROPES & GRAY

21

FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER
271 17th Street, NW
Suite 1400
Atlanta, GA 30363-6209
(404) 653-6400
John.Livingstone@finnegan.com
David.Weingarten@finnegan.com

Cora R. Holt
Drew D. Christie
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER
901 New York Avenue, NW
Washington, DC 20001-4413
(202) 408-4000
Cora.Holt@finnegan.com
Drew.Christie@finnegan.com

Charles E. Lipsey
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER
1875 Explorer Street
Suite 800
Reston, VA 20190-6023
(571) 203-2700
Charles.Lipsey@finnegan.com

*Attorneys for Plaintiffs Ajinomoto Co.
Inc., and Ajinomoto Health & Nutrition
North America, Inc.*

1211 Avenue of the Americas
New York, NY10036-8704
(212) 596-9000
Steven.Pepe@ropesgray.com
Rachael.Bacha@ropesgray.com
Daniel.Kim@ropesgray.com

Matthew J. Rizzolo
Kathryn C. Thornton
ROPES & GRAY
2099 Pennsylvania Ave NW
Washington, DC 20006
(202) 508-4600
Matthew.Rizzolo@ropesgray.com
Kathryn.Thornton@ropesgray.com

*Attorneys for Defendants CJ
CheilJedang Corp., CJ America,
Inc., and PT CheilJedang
Indonesia.*

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| AJINOMOTO CO., INC. and AJINOMOTO HEALTH & NUTRITION NORTH AMERICA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> CJ CHEILJEDANG CORP.; CJ AMERICA, INC.; and PT. CHEILJEDANG INDONESIA, <br><br> Defendants. | Case No. 16-cv-3498 (MKV) <br><br> JURY TRIAL DEMANDED |

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I, _____, being duly sworn, state that:

1.    My address is _____

_____

2.    My present employer is and the address of my present employment is:

_____

3.    My present occupation or job description is:

_____

4.    I have carefully read and understand the provisions of the Protective Order in this

Action signed by the Court, and I will comply with all provisions of the Order.

5.      I will hold in confidence and not disclose to anyone not qualified under the Protective Order any Protected Material or any words, summaries, abstracts or indices of Protected Material disclosed to me.

6.      I will limit use of Protected Material disclosed to me solely for purposes of this Action.

7.      No later than the final conclusion of this Action, I will return or destroy all Protected Material and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

I declare under penalty of perjury that the foregoing is true and correct.


_____          _____
Dated                                                        Signature


                                                             _____
                                                             Printed Name